IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:08-1057-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Brittany Simons, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion seeking a reduction of sentence based on Amendment 706 to the Federal Sentencing Guidelines

Amendment 706 reduced the Guidelines range for most offenses involving cocaine base, or "crack" cocaine. On May 6, 2009, Defendant pleaded guilty to her involvement in a conspiracy to distribute 50 grams or more of "crack" cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 846. Title 21 Section 841(b)(1)(A) sets the penalty for Defendant's offense, providing that a defendant convicted of this offense shall be imprisoned for not less than ten (10) years. At Defendant's sentencing, held July 16, 2009, this court granted the Government's motion for downward departure, filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. In granting the Government's motion, the court departed from the statutorily-mandated minimum sentence of 120 months' imprisonment and sentenced Defendant to 60 months' imprisonment.

As is relevant to this case, § 3582(c)(2) provides

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission.

Therefore, to be eligible for consideration of a sentence reduction, the "sentencing range" must have been "lowered" by the Sentencing Commission, and the reduction must be "consistent" with applicable policy statements.

Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A), which provides that where the crime involves 50 grams or more of a mixture or substance containing "crack" cocaine, the sentence must be at least ten years' imprisonment. That statute is unaffected by the recent Guideline amendment. Therefore, whatever changes Amendment 706 might authorize in the underlying base offense level calculations, those Guideline changes cannot alter the ultimate statutory floor of ten years' imprisonment set by Congress. *United States v. Hood*, 556 F.3d 226, 234 (4th Cir. 2009) ("Amendment 706 amended U.S.S.G. § 2D1.1, but that section is not made applicable to and does not authorize a reduction of sentences for substantial assistance . . . ."). *See also* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 1B1.10, cmt. (n.1(A)) (Mar. 2008) (noting that a defendant is not eligible for consideration of reduction if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . [a] statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment.").

This court did reduce Defendant's original sentence for substantial assistance, but that reduction was measured from the statutorily mandated ten year floor. The court's authority to reduce a sentence under § 3582(c)(2) depends upon a sentencing range having "subsequently been lowered," 18 U.S.C. § 3582(c)(2). Because Defendant's sentencing range has not been lowered, the

2

crack cocaine Guideline amendment did not help her.[1]

Defendant's motion is, therefore, **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 2, 2009

---

[1] Defendant was sentenced after the effective date of the Amendment, so if applicable, she would have received the benefit of the Amendment at sentencing.